IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL WILLIAMS, #N-97521,            )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )   CASE NO. 10-cv-747-MJR
                                       )
MARVIN POWERS, YOLANDE                 )
JOHNSON, JACKIE MILLER, and            )
MICHAEL RANDLE,                        )
                                       )
        Defendants.                    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Michael Williams, an inmate in Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff was initially sentenced to 2 years for a theft conviction in 1994. He has been incarcerated ever since, having accumulated several additional convictions for offenses committed while in prison, and has approximately 15 years remaining on his sentences. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds that under § 1915A, Plaintiff's claim cannot be dismissed at this stage of the litigation. However, some of the defendants shall be dismissed from the action.

**The Complaint**

Plaintiff suffers from heel spurs on both feet, which cause severe pain any time he walks. At the time he filed his complaint (Doc. 1) on September 28, 2010, he had endured this ongoing pain for over a year. Beginning in March 2010, Plaintiff requested treatment from Defendant Powers, the medical director and treating physician at Tamms. Defendant Powers examined Plaintiff, ordered x-rays, and prescribed Ibuprofen for Plaintiff's foot pain. However, the

Ibuprofen caused Plaintiff to have severe stomach cramps and abdominal pain. Worse, the Ibuprofen failed to alleviate Plaintiff's foot pain. When he complained again to Defendant Powers and requested alternative treatment, Defendant Powers responded that no other treatment would be prescribed, and Plaintiff would just have to deal with the pain for another year or two until the condition resolved itself. After researching treatment alternatives, Plaintiff asked Defendant Powers to prescribe orthotic shoe inserts, which Plaintiff would pay for from his prison account. However, Defendant Powers refused to prescribe the inserts.

Because of his constant foot pain, Plaintiff has curtailed his activity, sometimes skipping meals to avoid the pain of walking. In addition, Plaintiff has been unable to exercise, which has worsened his high blood pressure and required him to take additional blood pressure medication. Plaintiff also claims that the lack of treatment places him at risk for serious and permanent damage to his muscle tissue and tendons of the foot.

Plaintiff complained about the lack of treatment directly to Defendant Johnson, the Tamms warden, to no avail. He then filed a grievance over Defendant Powers' refusal to provide further treatment. This grievance was denied by Defendant Johnson. Plaintiff appealed the denial, but the decision was upheld by Defendants Miller (of the Administrative Review Board) and Randle (the director of the Illinois Department of Corrections).

Plaintiff further asserts that Defendant Miller admitted that the Illinois Department of Corrections (IDOC) follows a policy and procedure of refusing to provide any medical treatment to prisoners who suffer from heel spurs. Plaintiff has sued each defendant both in his or her individual and official capacities.

Plaintiff requests a declaratory judgment that his rights have been violated, an injunction

to require defendants to provide medical treatment, compensatory damages of $50,000, and punitive damages of $100,000.

**Discussion**

**Defendant Powers**

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). However, in certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need:

(1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff has described a condition that meets at least three of the criteria described in *Gutierrez*. He is in chronic and substantial pain from the heel spurs; the condition significantly affects his daily activities of walking and prevents him from exercising; the failure to treat his condition with effective pain medication causes him to suffer continued pain; and the failure to treat the heel spurs may result in injury to his muscle tissue and tendons. In addition, the restrictions on Plaintiff's physical activity has worsened his high blood pressure.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

The Seventh Circuit has found that an Eighth Amendment claim may be stated where a prison doctor persists in a course of treatment known to be ineffective, fails to order further testing or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*,

899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective" (citing *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)) and noting that "repeated, long-term negligent treatment" could amount to deliberate indifference); *but see Jolly v. Knudsen*, 205 F.3d 1094, 1097 (8th Cir. 2000) (doctor who changed dosage levels of anti-seizure medications and referred inmate to specialist was not deliberately indifferent).

In Plaintiff's case, he informed Defendant Powers of his severe, chronic pain, and was initially provided some treatment (Ibuprofen). His feet were x-rayed, which confirmed the diagnosis of "bilateral plantar calcaneal spurs" (Doc. 1, p.9; Doc. 1-1, p. 5 (Exhibit E)). However, the high dose of Ibuprofen (800 mg three times daily; Doc. 1, p. 6) proved to be not only ineffective in relieving Plaintiff's pain, but caused him to experience significant side effects of stomach cramps and abdominal pain. According to the complaint, Defendant Powers told Plaintiff that he could stop taking the Ibuprofen, but nothing else would be prescribed. Defendant Powers said that Plaintiff "would just have to 'deal with the pain' for the next year or two" (Doc. 1, p. 7). Not only did Defendant Powers refuse to offer any alternative pain medication, he also refused Plaintiff's request for orthotic shoe inserts, which Plaintiff offered to pay for. Defendant Powers himself had identified orthotics as a possible treatment alternative for at least temporary relief, albeit not a cure (Doc. 1-1, p. 5 (Exhibit E, response to Plaintiff's grievance): "Foot orthoses produce small short-term benefits in function and may also produce small reductions in pain, but they have no long-term beneficial effects"). According to Defendant Powers, Plaintiff's heel spur condition is "self-limited, although full recovery may take 1 to 2 years" (Doc. 1-1, p. 5 (Exhibit E)).

Plaintiff cannot dictate his own treatment of the heel spur condition, and indeed there may be no effective cure for the heel spurs other than restriction of activity. However, Plaintiff's allegations that he has suffered for over a year from excruciating, daily pain for which Defendant Powers has offered no treatment at all (other than the ineffective Ibuprofen carrying unacceptable side effects) state a claim against Defendant Powers for deliberate indifference that cannot be dismissed at this stage.

**Defendants Johnson, Miller and Randle**

Plaintiff fails to state a claim against Defendants Johnson (Tamms warden), Miller (Administrative Review Board), or Randle (IDOC director) for deliberate indifference to his medical needs, as none of these individuals had any direct role in the provision of medical care to Plaintiff, and there is no supervisory liability in a § 1983 action. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). Plaintiff's direct verbal and written communications to Defendant Johnson do not change this basic rule; neither her awareness of Plaintiff's complaints nor her promise to ask the health care unit to address them creates liability for her failure to personally remedy his problem. *Burks*, 555 F.3d at 595.

Moreover, the involvement of these defendants in approving the denial of Plaintiff's grievance over the lack of medical care does not create any liability on their part. *Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Plaintiff's contention that Defendant Johnson "deliberately and maliciously lengthen[e]d

the grievance procedure" (Doc. 1, p. 9) by denying his emergency grievance and requiring him to follow the normal grievance procedure is also without merit. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). In addition, Plaintiff has no constitutional right to have his grievances resolved in his favor. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).

Plaintiff also seeks to hold Defendant Miller, and perhaps Defendants Powers and Randle, responsible for violating his rights on the basis that the IDOC has a policy and procedure to refuse to provide any medical treatment to a prisoner with heel spurs (Doc. 1, p. 11). Plaintiff reads too much into the boilerplate language of Exhibit G (Doc. 1-1, p. 10), where, in the final response to Plaintiff's grievance, Defendant Miller concludes that "the offender's medical needs are being addressed by the Tamms Correctional Center Adminsitration, in accordance with established policies and procedures." This statement is not an admission that IDOC or Tamms has a policy of denying treatment, as Plaintiff contends.

Finally, Plaintiff seeks to have liability attach to these defendants by suing them in their official capacities. Such a claim is barred by the Eleventh Amendment because it amounts to a suit against the entity of which the officer is an agent. *See Kentucky v. Graham,* 473 U.S. 159,

165-66 (1985); *Owen v. Lash,* 682 F.2d 648, 654 (7th Cir. 1982). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

For these reasons, the claims against Defendants Johnson, Miller, and Randle must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **DEFENDANTS JOHNSON, MILLER** and **RANDLE** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **POWERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a

transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** 5/16/2011

s/ MICHAEL J. REAGAN
_____
**U.S. District Judge**