IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10−cv−0747−MJR−SCW |
| | ) |
| MARVIN POWERS, M.D., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### BACKGROUND

Plaintiff Michael Williams, an inmate at Tamms Correctional Center, brought this case under 42 U.S.C. § 1983 for denial of his constitutional rights. Specifically, Williams alleges that Dr. Marvin Powers (Tamms' medical director and treating physician) was deliberately indifferent to Williams' heel spurs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Williams filed his complaint against Powers and three other defendants on September 28, 2010. Pursuant to 29 U.S.C. § 1915A, the Court reviewed the case and dismissed all the defendants except for Powers. Now before the Court is Defendant Powers' motion to dismiss the case on qualified immunity grounds (Doc. 13). For the reasons below, the motion (Doc. 13) is **DENIED**.

### ANALYSIS

Powers seeks dismissal without articulating the Federal Rule under which he moves.[1] Since the answer was filed before the instant motion, the motion to dismiss is controlled by Rule 12(c), which permits a party to move for judgment after the complaint and answer have been filed, but

---

[1] The failure to state which Federal Rule should guide the Court's analysis is puzzling in light of the undersigned Judge's case management instructions: "In any dismissal motion filed . . . the movant must clearly state the specific section under which dismissal is sought." *See* **http://www.ilsd.uscourts.gov/documents/Reagan.pdf.**

"early enough not to delay trial." **FED. R. CIV. P. 12(c)**. ***Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).** Rule 12(c) motions are analyzed under the same standard that applies to motions to dismiss for failure to state a claim under Rule 12(b)(6). ***Buchanan-Moore*, 570 F.3d at 827.**

In § 1983 actions, qualified immunity shields an official[2] from liability for civil damages, provided that the illegality of the official's conduct was not clearly established at the time he acted. ***Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011).** In some cases, where a plaintiff asserts a broad constitutional right that has not been articulated at the time of the alleged constitutional violation, qualified immunity can be addressed at the pleadings stage. ***Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000).** But the Eighth Amendment's prohibition against deliberate indifference to a prisoner's medical needs is long established. ***See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).** So here, qualified immunity depends on the particular facts of the case, not the contents of the pleadings. ***Jacobs*, 215 F.3d at 765 n. 3. *See also Alvarado v. Litscher*, 267 F.3d 648, 651–52 (7th Cir. 2001) ("a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds . . . Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal").** In the instant case, therefore, dismissal is not the proper procedural posture for qualified immunity to be raised.

Of course, the Seventh Circuit has guided district courts to resolve qualified immunity at the earliest possible stage. ***Jacobs*, 215 F.3d at 765 n. 3.** In the instant case, the earliest possible stage for the Court to examine the facts relevant to qualified immunity is at summary judgment, where Dr.

---

[2] Whether Dr. Powers is even entitled to qualified immunity is left unresolved. In ***Richardson v. McKnight*,** the Supreme Court rejected the "functional approach" to qualified immunity, which allowed defendants who performed a government function to assert the defense. **521 U.S. 399, 408–09 (1997).** As the *pro se* plaintiff points out, Powers relies on two cases—both pre-*Richardson* and both utilizing the "functional approach"—to invoke qualified immunity. ***See Sherman v. Four Cnty. Counseling Ctr.*, 987 F.2d 397, 401 (7th Cir. 1993); *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995).** Because the Court finds the issue of qualified immunity not well-taken at this stage of the case, it is unnecessary (here) to determine whether or not Powers is entitled to the defense. ***See Estate of Terry Gee v. Johnson*, 365 F. App'x 670, 683 (7th Cir. 2010) ("[I]f push came to shove, we might very well conclude that the Medical Defendants here are not entitled to claim qualified immunity. But push has not come to shove.").**

Powers has raised the issue. (*See* Doc. 24). So the Court will address qualified immunity on summary judgment, and **DENY** the instant motion.

## CONCLUSION

For the foregoing reasons, Defendant Powers' Motion to Dismiss (Doc. 13) is **DENIED**. The issue of qualified immunity will be revisited on summary judgment.

**IT IS SO ORDERED.**

DATE: February 22, 2012                             /s/ *Michael J. Reagan*
                                                                        **MICHAEL J. REAGAN**
                                                                        **United States District Judge**